**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 180624-U

Order filed October 29, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| *In re* COMMITMENT OF | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| MICHAEL PLUMB, | ) | Rock Island County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | Appeal No. 3-18-0624 |
| Petitioner-Appellee, | ) | Circuit No. 10-MR-612 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Plumb, | ) | Honorable |
| | ) | Frank R. Fuhr, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Schmidt and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Since a sexually violent person, who was committed to the Illinois Department of Human Services, did not produce evidence demonstrating a change in the circumstances that led to his SVP finding, an evidentiary hearing was not warranted.

¶ 2     The respondent, Michael Plumb, committed as a sexually violent person (SVP) to the Illinois Department of Human Services (DHS), appealed the circuit court's order finding no probable cause to warrant an evidentiary hearing on periodic reexamination.

¶ 3                                        FACTS

¶ 4     The respondent was convicted in 1996 of one count of aggravated criminal sexual assault and sentenced to 25 years in the Illinois Department of Corrections. On October 7, 2010, the State filed a petition for SVP commitment pursuant to section 40 of the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/40 (West 2010)). The State and the respondent both waived their right to a jury trial, and the circuit court, after a bench trial, found the respondent to be an SVP pursuant to section 15 of the Act and committed him to the DHS pursuant to section 40 of the Act. The respondent appealed, but then filed a motion to dismiss the appeal, which was granted.

¶ 5     The respondent filed a motion for conditional release on February 13, 2014, and an amended motion on March 4, 2014. The respondent's annual reexamination under section 55 of the Act (725 ILCS 207/55 (West 2014)) was filed on April 14, 2014, recommending that the respondent continue to be found an SVP under the Act. The State filed a motion seeking a finding of no probable cause to warrant an evidentiary hearing on the issue of whether the respondent continued to be an SVP in need of treatment on a secure basis. The circuit court granted the State's motion. The State's motions for findings of no probable cause following the reexaminations in 2016 and 2017 were also granted.

¶ 6     On June 4, 2018, the State filed its fourth motion for court review, seeking review of the April 1, 2018, reexamination report, arguing that there was no probable cause to warrant an evidentiary hearing. The respondent filed a motion for the appointment of an independent

evaluator. After a probable cause hearing to determine whether facts existed to warrant an evidentiary hearing, the circuit court found that there was no probable cause to warrant an evidentiary hearing to determine whether the respondent was no longer an SVP. The circuit court considered the reexamination report of Dr. Edward Smith. Dr. Smith reviewed the respondent's medical and treatment histories and conducted a clinical interview with the respondent. Based on this information, Dr. Smith concluded, to a reasonable degree of psychological certainty, that the respondent was still an SVP and had not progressed to the point that he could be safely managed in the community on conditional release. Dr. Smith concluded that the respondent still suffered from several mental disorders and was at a substantial probability to engage in acts of sexual violence. The respondent was still in phase two of the five-phase treatment program, although he had completed some ancillary groups. The circuit court also denied the respondent's motion for an independent evaluator. The respondent appealed the order granting the State's motion.

¶ 7                                         ANALYSIS

¶ 8         The respondent argues that the circuit court erred in granting the State's motion and finding of no probable cause to warrant an evidentiary hearing on the issue of whether the respondent continued to be an SVP in need of treatment on a secure basis. The State contends that the respondent failed to present plausible evidence that his condition had changed so that he was no longer an SVP, so the circuit court correctly found that there was no probable cause for an evidentiary hearing on that question.

¶ 9         Following a commitment under the Act, the DHS is responsible for reevaluating the individual's mental condition at least every 12 months. 725 ILCS 207/55(a) (West 2010). The purpose of these examinations is to determine if the committed individual has made sufficient progress to be conditionally released or discharged. *In re Commitment of Wilcoxen*, 2016 IL App

3

(3d) 140359, ¶ 32. When an SVP does not affirmatively petition or waive the right to petition the court for discharge after the annual review, the circuit court must hold a hearing to determine whether facts exist that warrant a full evidentiary hearing on whether the person is still an SVP. 725 ILCS 207/65(b)(1) (West 2010). The probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties. *Id.*; *Wilcoxen*, 2016 IL App (3d) 140359, ¶ 34. At this hearing, the court is to determine whether the movant produced plausible evidence that demonstrated a change in the circumstances that led to his SVP finding. *Wilcoxen*, 2016 IL App (3d) 140359, ¶ 36. "Thus, a respondent is only entitled to an evidentiary hearing if plausible evidence shows that the respondent (1) no longer suffers from a mental disorder or (2) is no longer dangerous to others because his or her mental disorder no longer creates a substantial probability he or she will engage in acts of sexual violence." *In re Commitment of Vance*, 2017 IL App (3d) 160683, ¶ 18 (citing *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 68). The respondent's burden is one of production, not proof, so the circuit court only assesses whether the respondent has presented sufficient evidence to warrant an evidentiary hearing. *Wilcoxen*, 2016 IL App (3d) 140359, ¶ 52. We review *de novo* the question of whether there is probable cause to believe that a respondent is no longer an SVP so as to warrant a full evidentiary hearing. *Id.* ¶ 28.

¶ 10    The respondent argues that he produced plausible evidence that he was no longer an SVP. Although acknowledging Dr. Smith's opinion that the respondent continued to be an SVP, that the respondent's condition had not changed, and that the respondent had not progressed to the point of conditional release, the respondent argues that the report notes some of the respondent's progress in treatment such that an evidentiary hearing was warranted. We find that the respondent's claims of progress are overstated and that the record is uncontroverted that he was still in the early phases of his treatment. The respondent was required to present evidence that he no longer met the

4

elements for commitment because he (1) no longer has a mental disorder or (2) was no longer dangerous to others because his mental disorder no longer creates a substantial probability that he will engage in acts of sexual violence. *Vance*, 2017 IL App (3d) 160683, ¶ 20. The evidence cited by the respondent does not meet his burden of production to demonstrate a change in the circumstances to that led to his SVP finding.

¶ 11                                              CONCLUSION

¶ 12        The judgment of the circuit court of Rock Island County is affirmed.

¶ 13        Affirmed.